**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES M. SHAFFER,** | : | **CIVIL ACTION NO. 1:19-CV-192** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT LAWRENCE** | : | |
| **MAHALLY,** *et al.,* | : | |
| | : | |
| **Respondents** | : | |

**<u>MEMORANDUM</u>**

Petitioner Charles M. Shaffer ("Shaffer") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Lycoming County, Pennsylvania. (Doc. 1). For the reasons discussed below, the court will dismiss the petition as untimely.

**I.   <u>Background</u>**

On September 12, 2012, Shaffer was charged with attempted rape, attempted involuntary deviate sexual intercourse, and indecent assault. (Doc. 17-1, at 1-7, Criminal Complaint; <u>see</u> <u>also</u> <u>Commonwealth v. Shaffer</u>, <u>https://ujsportal.</u> <u>pacourts.us</u>, electronic docket number CP-41-CR-0001686-2012). Following a jury trial, Shaffer was found guilty on all counts. (Doc. 17-1, at 10, Order). On November 14, 2013, Shaffer was sentenced to an aggregate term of imprisonment of ten (10) to twenty (20) years. (Doc. 17-1, at 11-14, Sentencing Order). Shaffer did not file a direct appeal.

On November 6, 2014, Shaffer filed a counseled petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons.

STAT. §§ 9541-46. (Doc. 17-1, at 15-19, PCRA Petition). Counsel subsequently filed an amended petition. (Doc. 17-1, at 20-25, Amended PCRA Petition). On June 5, 2015, the PCRA court dismissed the petition. (Doc. 17-1, at 26-36). Shaffer filed an appeal to the Pennsylvania Superior Court. On March 21, 2016, the Superior Court affirmed the PCRA court's dismissal of the petition. <u>Commonwealth v. Shaffer</u>, 2016 WL 1098874 (Pa. Super. March 21, 2016). Shaffer did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On March 21, 2017, Shaffer filed a second PCRA petition. (Doc. 17-2, at 1-30, PCRA Petition). On September 1, 2017, the PCRA court dismissed the petition as untimely. (Doc. 17-2, at 31-37). Shaffer filed an appeal to the Pennsylvania Superior Court. On May 14, 2018, the Superior Court affirmed the dismissal of the petition as untimely and found that none of the exceptions to the timeliness requirement applied. <u>Commonwealth v. Shaffer</u>, 2018 WL 2188930 (Pa. Super. May 14, 2018). Shaffer did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On January 29, 2019, Shaffer filed the instant federal habeas petition. (Doc. 1). Respondents subsequently filed a response seeking dismissal of the petition as untimely. (Doc. 17). Shaffer did not file a traverse. Accordingly, this matter is ripe for disposition.

## II.   <u>Discussion</u>

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Shaffer was sentenced on November 14, 2013.  No direct appeal was filed. Shaffer's time for pursuing a direct appeal expired on December 16, 2013, at which time his judgment became final.  See Nara, 264 F.3d at 314; 28 U.S.C. § 2244(d)(1)(A).  The one-year period for the statute of limitations commenced running as of that date.  Hence, the federal petition, which was filed on January 29, 2019, is patently untimely.  However, the court's analysis does not end here;

3

consideration of statutory and equitable tolling, and the actual innocence exception, must be undertaken.

### A.    Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The statute of limitations began running on December 16, 2013 and, absent any tolling, would expire on December 16, 2014.  However, pursuant to 28 U.S.C. § 2244(d)(2), when Shaffer filed his first PCRA petition on November 6, 2014, the AEDPA's filing period was statutorily tolled, with forty (40) days of the one-year filing period remaining.  The statute remained tolled until April 20, 2016, after the expiration of the thirty-day time period to file a petition for allowance of appeal with the Pennsylvania Supreme Court.  The forty (40) days remaining in which to file his federal petition expired on May 30, 2016.

Approximately ten (10) months later, on March 21, 2017, Shaffer filed a second PCRA petition, which the state courts found to be untimely.  An untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations.  See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2).").  See also Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir. 2003).  Consequently, the AEDPA statute of limitations is not subject to further statutory tolling.  As a result, absent equitable tolling or the applicability of the actual innocence exception,

Shaffer's federal habeas petition filed on January 29, 2019, is approximately thirty-two (32) months late.

### B.    Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.  See Merritt, 326 F.3d at 168.  Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims.  See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.  See LaCava, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll."  Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the

5

steps that the party needs to take to preserve a claim.  <u>See</u> <u>Jones</u>, 195 F.3d at 159;
<u>Brinson v. Vaughn</u>, 398 F.3d 225, 230 (3d Cir. 2005).

Shaffer presents no evidence to account for the delay in seeking relief in
federal court.  (<u>See</u> Doc. 1).  Nor does he indicate that extraordinary circumstances
obstructed his pursuit of post-conviction relief.  Therefore, equitable tolling of the
AEDPA statute of limitations is not warranted in this case.

### C.   Actual Innocence Claim

A claim of actual innocence may serve as both an exception to procedural
default and as an equitable exception to the statute of limitations.  <u>See</u> <u>McQuiggin v.</u>
<u>Perkins</u>, 569 U.S. 383, 391-92 (2013); <u>Hubbard v. Pinchak</u>, 378 F.3d 333, 338 (3d Cir.
2004).  In <u>McQuiggin</u>, the Supreme Court reaffirmed that there is an "equitable
exception" to the statute of limitations applicable to habeas claims, but "only when
the petitioner presents new evidence that 'shows it is more likely than not that no
reasonable juror would have convicted the petitioner.'"  <u>Gore v. Crews</u>, 720 F.3d
811, 817 (11th Cir. 2013) (quoting <u>McQuiggin</u>, 569 U.S. at 395).  Thus, actual
innocence, if proved, serves as a gateway through which a petitioner may pass
when faced with procedural impediments such as the expiration of the statute of
limitations.  <u>McQuiggin</u>, 569 U.S. at 386.  The Supreme Court emphasized, however,
the demanding nature of the test for permitting the gateway to open: "The gateway
should open only when a petition presents 'evidence of innocence so strong that a
court cannot have confidence in the outcome of the trial unless the court is also
satisfied that the trial was free of nonharmless constitutional error.'"  <u>McQuiggin</u>,
569 U.S. at 401 (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 316 (1995)).  For the actual

innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324. The limited nature of this exception is underscored by the Court's explicit observation that "tenable actual-innocence gateway pleas are rare." McQuiggin, 569 U.S. at 386.

Here, Shaffer does not assert actual innocence to escape the time bar and his claims cannot be construed as asserting actual innocence. As such, Shaffer cannot overcome the time-bar based on the actual innocence exception.

## III.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

**IV.**   **Conclusion**

The court will deny Shaffer's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:        December 28, 2020